**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

JOSE M. TORRES,

    Plaintiff,

vs.                                            Case No.:

595 REPAIR SHOP, LLC, a Limited
Liability Company,  FLORIDA 595
TRAVEL CENTER CORP, a Florida Profit
Corporation, 595 ANNEX LLC, a Limited
Liability Company, and NORKA
RODRIGUEZ, individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSE M. TORRES, ("PLAINTIFF"), hereby files this Complaint against Defendants, 595 REPAIR SHOP, LLC, ("595 REPAIR"), a Florida Limited Liability Company, FLORIDA 595 TRAVEL CENTER CORP, ("595 TRAVEL"), a Florida Profit Corporation, 595 ANNEX LLC, ("595 ANNEX"), a Limited Liability Company, (these three entities are referred to collectively as the "595 Truck Stop" or the "595 DEFENDANTS") and NORKA RODRIGUEZ, ("RODRIGUEZ"), individually, (altogether collectively "DEFENDANTS") and states as follows:

**JURISDICTION**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## PARTIES

1. At all times material to this action, Plaintiff was a resident of Broward County, Florida.

2. At all times material to this action, 595 REPAIR was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, 595 REPAIR was, and continues to be, engaged in business in Florida, with a principal place of business in Broward County, at 2705 Burris Road, in Davie, Florida.

3. At all times material to this action, 595 TRAVEL was, and continues to be, a Florida Profit Corporation. Further, at all times material hereto, 595 TRAVEL was, and continues to be, engaged in business in Florida, with a principal place of business in Broward County, at 2705 Burris Road, in Davie, Florida.

4. At all times material to this action, 595 ANNEX was, and continues to be, a Florida Profit Corporation. Further, at all times material hereto, 595 ANNEX was, and continues to be, engaged in business in Florida, with a principal place of business in Broward County, 3030 Burris Road, Davie, Florida.

5. 595 ANNEX, 595 TRAVEL, AND 595 REPAIR all have the same mailing address of 2705 Burris Road, in Davie, Florida. 595 Travel and 595 Repair further share same address as their principal place of business.

6. At all times relevant hereto, 595 ANNEX, 595 TRAVEL, AND 595 REPAIR were Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

7. At all times relevant hereto, 595 ANNEX, 595 TRAVEL, AND 595 REPAIR were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

8. 595 Truck Stop is an enterprise engaged in operating a large truck stop in Broward County, Florida.

9. 595 ANNEX, 595 TRAVEL, AND 595 REPAIR are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses. See Corporation search results for 595 ANNEX, 595 TRAVEL, AND 595 REPAIR attached hereto as Exhibits A, B, and C respectively.

10. Steven Brauser is the managing member of 595 Repair and 595 Annex, and also the President of 595 Travel.

11. Norka Rodriguez is the registered agent for 595 Repair and 595 Annex, and the CEO of 595 Travel.

12. Mark Brauser is a member of both 595 Annex and 595 Repair.

13. Defendants share a website at www.595truckstop.com.

14. At all times material hereto, RODRIGUEZ was a resident of Broward County, Florida.

15. At all times material hereto, RODRIGUEZ exercised operational control over 595 REPAIR.

16. At all times material hereto, RODRIGUEZ was the CEO of 595 TRAVEL.

17. At all times material hereto, RODRIGUEZ exercised operational control over 595 ANNEX.

18. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority to hire and fire employees of 595 REPAIR.

19. 10. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority to hire and fire employees of 595 TRAVEL.

20. 10. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority to hire and fire employees of 595 ANNEX.

21. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority to determine the work schedules for the employees of 595 REPAIR.

22. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority to determine the work schedules for the employees of 595 TRAVEL.

23. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority to determine the work schedules for the employees of 595 ANNEX.

24. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority control the finances and operations of 595 REPAIR.

25. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority control the finances and operations of 595 TRAVEL.

26. At all times material hereto, RODRIGUEZ regularly held and/or exercised the authority control the finances and operations of 595 ANNEX.

27. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of 595 Truck Stop; (b) determine the work schedules for the employees of 595 Truck Stop; and (c) control the finances and operations of 595 Truck Stop, RODRIGUEZ is an employer as defined by 29 U.S.C. 201 *et. seq.*

28. Defendant RODRIGUEZ is an individual employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of the 595 Defendants towards Plaintiff.

29. Plaintiff worked in the location shared by each of the 595 Defendants.

30. The 595 Defendants share a telephone number: 954-357-1480.

31. The 595 Defendants operate as a unified enterprise, all engaged in the business of operating a full service truck stop.

32. Plaintiff signed the employee handbook for 595 Travel.

33. Plaintiff completed an employee profile for 595 Repair.

34. Plaintiff completed an employee application for "Florida 595 Truck Stop".

35. Defendant Rodriguez' email address is n.rodriguez@595truckstop.com.

36. On July 5, 2018 Plaintiff received a letter from his manager, Mike Simpson, which listed his "Department" as Repair Shop.

37. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

38. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

39. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

40. At all times material to this action, 595 REPAIR was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

41. At all times material to this action, 595 TRAVEL was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

42. At all times material to this action, 595 ANNEX was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA

43. Based upon information and belief, the annual gross revenue of 595 REPAIR was in excess of $500,000.00 per annum during the relevant time periods.

44. Based upon information and belief, the annual gross revenue of 595 TRAVEL was in excess of $500,000.00 per annum during the relevant time periods.

45. Based upon information and belief, the annual gross revenue of 595 ANNEX was in excess of $500,000.00 per annum in the three years preceding the filing of this complaint.

46. Based upon information and belief, the annual combined gross revenue of 595 Annex, 595 Repair, and 595 Travel is over $500,000.00 per annum.

47. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

48. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

49. Starting in 2017 and continuing through November 2018, Defendants hired Plaintiff to work as a non-exempt tire-repairer for Defendants' truck stop.

50. Plaintiff's job duties were to repair tires on trucks.

51. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

52. From at least 2017, through November 2018, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

53. Specifically, Plaintiff was paid an hourly rate, with no premium for his overtime hours.

54. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

55. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

56. Defendants have violated Title 29 U.S.C. §207 from at least 2017, through November 2018, in that:

    a.    Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above.

57. In addition Defendants may have failed to maintain proper time records as mandated by the FLSA.

58. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or with reasonable diligence should have known, of the FLSA's mandates and their applicability to Plaintiff's employment, but chose not to pay him at an overtime rate for all of his overtime hours.

59. Prior to filing suit, Plaintiff requested the owed overtime payment from Defendants through his attorney.

60. Defendants refused to pay, first claiming Plaintiff was exempt from overtime requirements as an exempt employee under FLSA's section 7(i).

61. When Plaintiff's counsel pointed out that Plaintiff did not meet any of the basic requirements of 7(i), Defendants changed their arguments to claim that Plaintiff, a W-2 employee who filled out an employment application, worked over 40 hours per week in each week, received employment discipline, and who has no contract, was an independent contractor.

62. These facts, too, show that Defendants' violation of the law was willful.

63. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his

rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

64. Plaintiff re-alleges paragraphs 1 through 63 of the Complaint, as if fully set forth herein.

65. From at least 2017, and continuing through November 2018, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

66. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

67. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

68. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

69. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

70. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants

for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 11th day of July, 2019.

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*